UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21379-JEM

ENRIQUE A. RODRIGUEZ,

    Plaintiff,

v.

U.S. DEPARTMENT OF TREASURY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

THIS CAUSE came before the Court upon Plaintiff Enrique Rodriguez's Application for Leave to Proceed In Forma Pauperis (the "Motion"). ECF No. [3]. This matter was referred to the undersigned pursuant to an Order of Reference by the Honorable Jose E. Martinez, United States District Judge, ECF No. [6].

Plaintiff, a pro se litigant, has not paid the required filing fee, and the screening provisions of 28 U.S.C. Section 1915(e) apply. Pursuant to that statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915 (e)(2) (alterations added). For the reasons explained below, the undersigned **RECOMMENDS** that Plaintiff's Application for Leave to Proceed In Forma Pauperis be **DENIED**, all pending motions be **DENIED AS MOOT**, and Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.[1]

---

[1] The undersigned notes that, based upon Plaintiff's total lack of monthly income reported in the Motion, Plaintiff meets the financial requirements for IFP status. Although Plaintiff's Motion

I.  DISCUSSION

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought...." Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim for relief, a plaintiff must "plead[] 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jones v. Gadsden County Sch.*, 755 Fed. App'x. 954, 955 (11th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). With respect to whether a complaint "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1489–90 (11th Cir. 1997).

As a pro se litigant, Plaintiff is entitled to the Court's liberal construction of the Complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (*per curiam*). Nonetheless, the Court may dismiss the Complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

---

appears to indicate that he has received an average of $13,692.00 in monthly income for disability, ECF No. [3] at 2, Plaintiff clarifies that this is the amount that he is entitled to but has not received in two years, *id* at 5. There is no specific guidance regarding an income threshold to determine indigency for plaintiffs in federal civil cases. In federal bankruptcy cases, however, 28 U.S.C. § 1930 provides that fees may be waived if an individual's income is less than 150% of the federal poverty guideline. In addition, the undersigned notes that Section 57.082, Florida Statutes, provides specific guidance regarding the determination of indigency for persons filing lawsuits in Florida state courts. Pursuant to that statute, a person is indigent if their income is equal to or below 200% of the federal poverty guidelines. § 57.082 (2)(a)(1), Fla. Stat. (2012). The 2021 Department of Health and Human Services' Poverty Guidelines for a family of one is $12,880.00; and for a family of two it is $17,420.00. *See* Department of Health and Human Services Poverty Guidelines, available at https://aspe.hhs.gov/poverty-guidelines (last visited May 6, 2021).

28 U.S.C. § 1915(e). Plaintiff has filed a Complaint, ECF No. [1], where he appears to seek relief against the United States Department of Treasury. Plaintiff's Complaint includes a statement of claim that is a hand-written, single paragraph document that merely states the following:

> I am a recipient of social security income and a war-time veteran injured during service. During the Covid-19 I lost my Direct Express Debit card issued by U.S. Dept of Treasury. I have been unable and unsuccessful with getting the Treasury Dept. to issue a new card. By phone I was accused of being a fraud through power of Attorney given to my landlord to act in my behalf. They were also turned down. It is difficult to live without any income for nearly 2 years.

ECF No. [1] at 4. Upon review of Plaintiff's Complaint, the undersigned finds that it does not include sufficient factual matter, accepted as true, to allow the Court to reasonably infer what the claim or claims for relief against Defendant may be. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). Plaintiff merely contends that he lost his Direct Express Debit card and has been unable to have one reissued to him. Plaintiff submitted a Statement of Facts, ECF No. [7], where he alleges that a clerk for Direct Express informed him that in order to be reissued a Direct Express card, he would need to proceed through the Social Security Administration for identification purposes. Although Plaintiff alleges that the social security office has been closed to "walk-ins" due to Covid-19, this allegation is insufficient to allow this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Jones*, 755 Fed. App'x. at 955. Indeed, it is unclear whether Plaintiff's claim even alleges any misconduct by Defendant. Specifically, Plaintiff merely alleges that (1) he lost his Direct Express Debit card; (2) he has not been able to properly identify himself telephonically; and (3) the social security office has been closed to "walk-ins" due to Covid-19.

To the extent that Plaintiff seeks to recover his lost Direct Express Debit card, Plaintiff should contact Direct Express Customer Service and inquire as to the necessary steps that will need to be

followed to get re-issued his Direct Express card. Given Plaintiff's allegation that the social security office is not accepting "walk-ins," Plaintiff may consider requesting an in-person appointment with the social security office to resolve the present issue.

## II.     RECOMMENDATION

Therefore, in accordance with the foregoing Report and Recommendation, the undersigned hereby **RECOMMENDS** that Plaintiff's Application for Leave to Proceed In Forma Pauperis be **DENIED**, all pending motions be **DENIED AS MOOT**, and Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

## III.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 20 day of May, 2021.

JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE